IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JESUS ARREOLA,

    Petitioner,                   No. CIV S-04-2666 GEB GGH P

    vs.

CALIFORNIA BOARD OF
PRISON TERMS, et al.,

    Respondent.                <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed December 20, 2004. Petitioner challenges the February 15, 2001, decision of the California Board of Prison Terms (BPT) finding him unsuitable for parole.

        Pending before the court is respondent's February 1, 2005, motion to dismiss on grounds that this action is barred by the statute of limitations. On March 3, 2005, petitioner filed an opposition to this motion. After carefully considering the record, the court recommends that respondent's motion be granted.

        On April 24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted. AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides,

1

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

For habeas petitions challenging parole suitability hearings, the statute of limitations runs from the date the BPT denies the administrative appeal. Redd v. McGrath, 343 F.3d 1077, 1082-1083 (9th Cir. 2003), citing 28 U.S.C. § 2244(a)(1)(D). In the instant case, the BPT denied petitioner's appeal on October 9, 2001. Motion to Dismiss, Exhibit C. Petitioner had until October 9, 2002, i.e. one year from the denial of his appeal, to file a timely federal habeas petition.

Section 2244(d)(2) provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

In the instant case, petitioner filed a habeas corpus petition in the Fresno County Superior Court on May 1, 2002. Id., Exhibit D. On July 18, 2002, the Superior Court denied this petition. Id. On September 26, 2002, petitioner filed a habeas corpus petition in the California Court of Appeal. Id., Exhibit E. On November 7, 2002, the California Court of Appeal denied this petition. Id. On February 3, 2003, petitioner filed a habeas corpus petition in the California Supreme Court. Id., Exhibit F. On November 12, 2003, the California Supreme Court denied

this petition. Id., Exhibit G.

Petitioner's state habeas petitions were pending for 560 days. Adding 560 days to October 9, 2002, would make petitioner's federal petition due on or before April 21, 2004. The instant petition filed December 20, 2004, is not timely.

In Calderon v. U.S. District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), overruled on other grounds, Calderon v. U.S. District Court (Kelly), 163 F.3d 530 (9th Cir. 1998), *abrogated on other grounds*, Woodford v. Garceau, ___U.S.___, 123 S. Ct. 1398 (March 25, 2003), the Ninth Circuit found that the statute of limitations could be equitably tolled if extraordinary circumstances beyond a prisoner's control made it impossible to file the petition on time. Equitable tolling is "unavailable in most cases." Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999). "Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exception swallow the rule.'" Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 1998). Petitioner has the burden of demonstrating that equitable tolling is appropriate. Id. at 1065.

Petitioner does not argue that he is entitled to equitable tolling. However, attached to his opposition is a copy of a memorandum dated January 6, 2005 by the Law Librarian at California State Prison-Solano where petitioner is incarcerated. This memorandum states that there have been "significant interruptions in inmate access to the Level III law library recently, so that legal work that needs to be completed for a specific filing date may be delayed." Because these interruptions in law library access occurred well after petitioner's federal petition was due, the court does not find that the memorandum supports a claim for equitable tolling.

In his petition and opposition, petitioner contends that AEDPA does not apply to this action. Petitioner is mistaken. Misunderstanding of the law does not entitled petitioner to equitable tolling. Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000).

For the reasons discussed above, the court finds that respondent's motion to dismiss should be granted.

1       Accordingly, IT IS HEREBY RECOMMENDED that respondent's February 1,
2 2005, motion to dismiss be granted.
3       These findings and recommendations are submitted to the United States District
4 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty
5 days after being served with these findings and recommendations, any party may file written
6 objections with the court and serve a copy on all parties.  Such a document should be captioned
7 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
8 shall be served and filed within ten days after service of the objections.  The parties are advised
9 that failure to file objections within the specified time may waive the right to appeal the District
10 Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
11 DATED:  4/19/05

12       /s/ Gregory G. Hollows

13       GREGORY G. HOLLOWS
      UNITED STATES MAGISTRATE JUDGE
14
15 ggh:kj
   arr2666.157